IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 7:18-cr-00019 |
| | ) | 7:19-cr-00016 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| FRANK PURPERA | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER DENYING CONTINUANCE**

On July 28, 2019, the United States filed a motion asking for a status conference (Dkt.
No. 19) in this case because counsel learned, after sending an email to defense counsel on July
23, 2019, that defense counsel was going to file a motion to continue that week.  No motion was
filed, but a status conference call was set for August 7, 2019.  By motion dated August 6, 2019,
the defendant, Frank Purpera, asked to court to continue the trial date (Dkt. No. 50) in these
cases, consolidated for trial.  (Dkt. 50.)  The cases are on charges identified in the second and
third indictments filed against the defendant.  The United States objected to the motion.  The
motion was improperly filed ex parte,[1] but the United States received a copy.  All parties,
including the defendant, appeared by telephone on August 7.  The court denied the motion
during the telephone hearing, but it files this opinion and order to make clear its reasons for the
denial.

On February 22, 2019, these cases were consolidated and set for a two-week jury trial to
begin September 9, 2019; thus, all parties have had approximately six and one-half months to
prepare for trial.  In his motion, Purpera asserts that his counsel lacks sufficient time to prepare
for trial because of unforeseen changes in his schedule.  With regard to counsel's schedule, he
notes that his lead attorney, Mr. Brindley (from Chicago), had to move his wedding from

---

[1]  Counsel for defendant was directed to file a redacted copy of the motion so the court could consider
whether to seal the motion because it included counsel's private calendar.  No redacted motion has been received.

December 2019 to August 2019 because he learned in June 2019 of an ill family member. Also, on June 29, 2019, Mr. Brindley had to ask that a trial scheduled to begin in Indiana be continued for unknown emergency reasons, and that case was then set for a three-day jury trial to begin September 3, 2019, per that court's docket. Mr. Brindley mistakenly represented that the trial was set for four days to begin on September 2, 2019. The motion also asserts that it will be necessary to meet in person with Purpera in Virginia on a daily basis for approximately one to two weeks prior to trial. Because of the wedding and the Indiana case, Mr. Brindley asserts that it is now impossible to do so. Notably, the motion to continue was filed well over one month after defense counsel was aware of both asserted reasons for the need for a continuance. Mr. Brindley did not make any effort to notify the court or contact counsel for the United States with regard to a continuance. Indeed, it was not until Mr. Brindley responded to the United States' email that anyone knew of any intended request for a continuance.

In the motion, defendant asserts that Mr. Brindley only looked to whether he and his trial partner could accommodate the current trial date when it was learned that the United States would oppose the continuance. According to the United States, that occurred sometime after July 23, 2019, when the United States emailed Mr. Brindley because they had not heard from him and wondered if he needed anything from them regarding the trial. The motion states that defense counsel did not begin trying to make efforts to accommodate the scheduled trial date until after it learned, sometime after July 23, 2019, that the United States would oppose any motion for continuance. Despite that representation, Mr. Brindley told the court at the hearing that the motion to continue was not filed at the end of June or throughout July because he was trying to accommodate the trial date. He did not, however, provide the court with any information regarding any efforts made by him to accommodate the trial date.

While this may be the only time that Purpera has sought a continuance with regard to the charges in the third indictment, it is the fourth continuance of the trial with regard to the charges in the second indictment (although all were without objection), and there were six motions to continue the sentencing hearing with regard to convictions on some of the charges contained in the first indictment.  In two of those orders, the court noted its frustration with frequent requests for a continuance, counsel's inflexibility and scheduling unavailability, and counsel's delay in requesting continuances.  *See United States v. Purpera*, Criminal Action No. 7:17-cr-00079 (W.D.Va.) (Dkt. Nos. 196, 199).

The court notes that Mr. Brindley is not the only counsel of record.  Assisting him on the case are two other attorneys from his office (one of whom is also getting married in August and participating in the Indiana trial) and local counsel.  All four of Purpera's attorneys have had and still have adequate time to prepare for the trial in September.  As of the date of the oral ruling on August 7, counsel has another thirty-two days to discuss trial matters with Purpera.  With prior arrangements with the jail, these discussions can occur confidentially, in person or over the telephone.  Even if distant counsel cannot make it to Virginia as many times as they would like, local counsel could easily see Purpera in person while other counsel could participate by telephone.  Given this, Purpera is not prejudiced in the least and there is no need to continue the trial.

For all of these reasons and the reasons stated at the hearing, the motion to continue is DENIED.

The clerk is directed to send a copy of this memorandum opinion and order to all counsel of record.

Entered: August 12, 2019.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge