IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:18-cr-00019 |
| ) | 7:19-cr-00016 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| FRANK PURPERA ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER**

By motion dated August 6, 2019, the defendant, Frank Purpera, asked to court to continue the trial date in these cases, consolidated for trial. (Mot. to Cont., Dkt. No. 21.)[1] The cases are on charges identified in the second and third indictments filed against the defendant. The United States objected to the motion. All parties, including the defendant, appeared by telephone on August 7, at which time the court denied the motion, noting defense counsels' pattern of delay and their substantial time for preparation. The court further entered an opinion on August 12, 2019, to make clear its reasons for the denial. (Mem. Op., Dkt. No. 25.)

On August 22, 2019, Purpera filed a motion for reconsideration, again requesting the court grant a continuance. (Mot. to Reconsider, Dkt. No. 31.) The United States renewed its objection. (Resp., Dkt. No. 32.) For the reasons set forth below, the court will grant Purpera's motion.

"The sixth amendment, while not providing an absolute right, guarantees a defendant a fair opportunity to secure counsel of his own choice to represent him at trial on criminal charges." *Sampley v. Attorney General of N.C.*, 786 F.2d 610, 612 (4th Cir. 1986). However, "[t]he limit of the right is necessarily found in the countervailing state interest against which the

---
[1] Because Purpera filed his motion to reconsider in Case No. 7:19-cr-00016, citations are to the record in that case unless otherwise indicated.

sixth amendment right provides explicit protection: the interest in proceeding with prosecutions on an orderly and expeditious basis." *Id.* at 613. Thus, a district court has broad discretion on matters of continuances and "only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983).

In considering the latest of Purpera's motions to continue, the court finds guidance in the analogous case of *United States v. LaRouche*, 896 F.2d 815 (4th Cir. 1990). There, absent objection from defense counsel, the district court scheduled trial merely five weeks after arraignment. Eighteen days after the arraignment, defendants moved for a continuance. The court denied the motion, and the defendants appealed their subsequent conviction, arguing that the district court abused its discretion by denying the continuance.

Holding that the district court did not abuse its discretion, the Fourth Circuit found that the defendants' delay in filing their motion supported the trial judge's decision. *Id.* at 824 ("When Judge Bryan denied the defendants' motion for a continuance, he possessed a highly relevant piece of information: the defense waited eighteen days to move for a continuance. Defense counsel's prolonged silence leads to the reasonable interference that 34 days was not a clearly insufficient period of time between arraignment and trial.").

Purpera makes much of the fact that he filed his motion for continuance "*more than a month* before the trial was set to begin." (Mot. to Reconsider 2, Dkt. No. 31.) However, the issue is not just how much time remains before trial, but also how long a party delays prior to filing their motion. *See United States v. Badwan*, 624 F.2d 1228, 1231 (4th Cir. 1980) ("[A]n attorney having a substantial claim for a continuance should move for the continuance as early as possible. . . . The later the motion is made the more disruptive will be any continuance granted,

2

and the more likely may it reasonably appear to the judge that the motion is made for dilatory purposes."). Notably, Purpera filed the motion to continue well over one month after defense counsel became aware of both asserted reasons for the need for a continuance.

Purpera further suggests that without a continuance, counsel cannot provide effective assistance. Although Purpera's lead defense counsel has had over six months[2] to prepare for trial, he has not set aside the requisite time to prepare his client. In *LaRouche*, the court of appeals summarily dismissed the defendants' similar contention that the "rush to trial . . . contributed to the inability of any of the defendants to take the stand as they were not adequately prepared." 896 F.2d at 825 ("More than a general allegation of 'we were not prepared' is necessary to demonstrate prejudice."); *see also Sampley*, 786 F.2d at 613 ("Obviously a defendant has no constitutional right to dictate the time, if ever, at which he is willing to be tried by simply showing up . . . with allegedly unsatisfactory counsel, whenever his case is called for trial.").

Nonetheless, the court finds that the circumstances of this case warrant a continuance to allow defense counsel time to prepare Purpera for trial. The court acknowledges that granting Purpera's motion delays the administration of justice and frustrates the government's trial preparation. However, defense counsel's apparent continued inability to find time for his client, despite the court's previous ruling, casts doubt on the adequacy of Purpera's representation and threatens Purpera's Sixth Amendment right to effective assistance. If the court were to go forward on the scheduled trial date, defense counsel would appear and undoubtedly represent that they were unprepared to proceed.

---

[2] The court consolidated these cases on February 22, 2019, and set a two-week jury trial to begin on September 9, 2019.

3

The court thus finds that, without a continuance, Purpera will have insufficient time to meet with his defense counsel and prepare for trial. As a result, Purpera may not receive the protections afforded him by the Sixth Amendment, potentially resulting in a miscarriage of justice. 18 U.S.C. §§ 3161(h)(7)(B)(i), 3161(h)(7)(B)(iv). Additionally, Purpera "embraces the need for continuance and wants it to take place." (Mot. to Cont. 3, Dkt. No. 21.)

Accordingly, the court finds that the ends of justice served by the granting of the continuance outweigh the best interest of the public and defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A) of the Speedy Trial Act and will grant Purpera's motions to reconsider and to continue.

For all of these reasons, the court's prior opinion and order dated August 12, 2019, (Dkt. No. 25) is VACATED, and the defendant's motions to reconsider (Dkt. No. 31) and continue (Dkt. No. 21) are GRANTED. The current pre-trial conference, scheduled for August 27, 2019, at 1:00 p.m., will be held for the purpose of rescheduling both the pre-trial conference and the trial date.

The clerk is directed to send a copy of this memorandum opinion and order to all counsel of record.

Entered: August 26, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge