CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 08 2019

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 7:18-cr-00019 |
| | ) | 7:19-cr-00016 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| FRANK PURPERA | ) | United States District Judge |

**MEMORANDUM OPINION**

On April 19, 2018, Frank Purpera was charged in a fifty-eight-count indictment with distribution of a controlled substance (21 U.S.C. § 841) and witness tampering (21 U.S.C. § 1512), alleged to have occurred between June 2014 and January 2018. (Case No. 7:18-cr-00019, Dkt. No. 1.) On February 7, 2019, in *United States v. Purpera*, 7:19-cr-00016, Purpera was charged in a two-count indictment with health care fraud (18 U.S.C. § 1347) and false statements relating to health care matters (18 U.S.C. § 1035), alleged to have occurred between February 2014 and January 2018. (Case No. 7:19-cr-00016, Dkt. No. 1.) Before the court are Purpera's motions to dismiss the indictments for pre-indictment delay. (Case No. 7:18-cr-00019, Dkt. No. 70; Case No. 7:19-cr-00016, Dkt. No. 17 [hereinafter Mot. Dismiss Indictment].)[1] The matter has been fully briefed, and neither party requested a hearing on the motions. For the reasons discussed herein, the court will deny Purpera's motions to dismiss the indictments.

I. BACKGROUND

On December 14, 2017, a grand jury returned an indictment charging Purpera with sixty-seven[2] counts of knowingly and intentionally acquiring and obtaining controlled substances by misrepresentation, fraud, forgery, deception, or subterfuge in violation of 21 U.S.C. §§ 842.

---

[1] The two motions are substantially similar and assert the same arguments. Accordingly, the court will consider these motions together.

[2] Although the indictment states that counts one to sixty-eight involve obtaining controlled substances, it did not include a count twenty-seven. (*See* Case No. 7:17-cr-00079, Dkt. No. 3.)

(Case No. 7:17-cr-00079, Dkt. No. 3.) Specifically, the government charged that Purpera, a physician, made materially false statements to a drug supplier by denying that he personally used any of the controlled substances or used the controlled substances in the treatment of his spouse, family, or friends, and by falsely asserting that he administered the controlled substances to his patients. The indictment also included counts for omitting material information from a report or record required to be made and kept to document disposal of controlled substances pursuant to 21 U.S.C. § 843(a)(4)(A) and making materially false statements in violation of 18 U.S.C. § 1001(a)(2). On February 1, 2018, a jury convicted Purpera on all counts.[3] (Case No. 7:17-cr-00079, Dkt. No. 112.)

As noted above, Purpera was charged in the present cases on April 19, 2018, and February 7, 2019. On March 5, 2019, he filed his motion to dismiss the indictment for pre-indictment delay in Case No. 7:19-cr-00016. He filed his amended motion to dismiss the indictment for pre-indictment delay in Case No. 7:18-cr-00019 on August 29, 2019.[4] Specifically, Purpera asserts that the current indictments involve the same practice as that in the charges for which he has already been convicted. He argues that the government had all the information necessary to include the present charges in its original indictments and that by delaying the charges until the conclusion of his prior trial, the government put itself at a tactical advantage in the present case. (Mot. Dismiss Indictment 2–3.)

---

[3] The court later acquitted Purpera on count twenty-one and conditionally granted him a new trial as to that count. (Case No. 7:17-cr-00079, Dkt. No. 185).

[4] The motion to dismiss the indictment filed in Case No. 7:19-cr-00016 did not include both case numbers in the style of the case and was filed only in Case No. 7:19-cr-00016. Pursuant to the court's order entered February 25, 2019 (Case No. 7:18-cr-00019, Dkt. No. 42), the court required any motion relating to both cases to include both case numbers in the style of the case and to be filed in both cases. The court entered an order on August 29, 2019, requiring Purpera to file a copy of the amended motion in Case No. 7:18-cr-00019. He filed his motion in that case later the same day.

## II. DISCUSSION

The Due Process Clause of the Fifth Amendment requires dismissal of an indictment if pre-indictment delay caused substantial prejudice to the defendant's rights to a fair trial and the delay was an intentional device to gain a tactical advantage over the accused. *United States v. Marion*, 404 U.S. 307, 324 (1971). The Fourth Circuit has set forth a two-pronged inquiry to "evaluate a defendant's claim that pre-indictment delay violated his right to due process." *United States v. Uribe-Rios*, 558 F.3d 347, 358 (4th Cir. 2009). Under the first prong, the court is to ask "whether the defendant has satisfied his burden of proving 'actual prejudice.'" *Id.* (quoting *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 403 (4th Cir. 1985)). If the defendant satisfies his burden, the court next considers "the government's reasons for the delay, 'balancing the prejudice to the defendant with the Government's justification for delay.'" *Id.* Then, the basic inquiry "becomes whether the Government's action in prosecuting after substantial delay violates 'fundamental conceptions of justice' or 'the community's sense of fair play and decency.'" *Id.*

### A. Actual Prejudice

To satisfy his burden with regard to actual prejudice, a defendant must show "he was meaningfully impaired in his ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding was likely affected." *United States v. Shealey*, 641 F.3d 627, 634 (4th Cir. 2011). In *Shealey*, the court observed that the appellant's theory of actual prejudice was "circuitous and speculative" where he hypothesized that "the Government delayed the superseding indictment to provide more time to secure plea agreements," which then "lessened the relative strength of his own case." *Id.* The court further stated that even if that theory constituted prejudice, "it was not necessarily 'substantial' since it at best strengthened the

3

Government's case on the margins, but did not 'meaningfully impair[]' Appellant's own case." *Id.* (alteration in original).

Purpera asserts three ways he believes the pre-indictment delay prejudiced his case: (1) by infringing on his right to testify in his own defense; (2) by effectively imposing on his right to choice of counsel; and (3) by inflating his criminal history so that he faces a higher potential sentence than he would have had the government brought the indictments at the same time. (Mot. Dismiss Indictment 4–6.)

### 1. Right to testify

Purpera first argues that the pre-indictment delay hinders his right to testify in his own defense. Because the government waited until the conclusion of the trial in his first case, it can now impeach him with the fact of his prior conviction. (*Id.* at 4.)

However, a defendant "has no right to set forth to the jury all the facts which tend in his favor without laying himself open to a cross-examination upon those facts." *Fitzpatrick v. United States*, 178 U.S. 304, 315 (1900); *see also Currier v. Virginia*, 138 S. Ct. 2144, 2152 (2018) ("[L]itigants every day face difficult decisions. . . . [Like] the defendant who must decide between exercising his right to testify in his own defense or keeping impeachment evidence . . . from the jury."); *Williams v. Borg*, 139 F.3d 737, 740 (9th Cir. 1998) ("A defendant with prior convictions must decide whether to take the stand, thereby exposing himself to impeachment based on his priors, or whether to forego his right to testify in his own defense." (internal quotations omitted)). While Purpera now faces the choice between testifying subject to cross examination or forgoing his right to testify, that alone does no substantially impair his ability to defend himself any more than a prior conviction for any other defendant. *See United States v. Gregory*, 322 F.3d 1157, 1165 (9th Cir. 2003) (finding that "the possibility that the government

4

might use prior convictions for impeachment purposes" is not the type "of prejudice that violate[s] the Fifth Amendment's guarantee against excessive preindictment delay"). Accordingly, the court finds that Purpera's defense is not meaningfully impaired by the fact that he now faces impeachment by his prior conviction.

## 2. Right to counsel

Purpera next argues that because he exhausted his resources during his prior case, he cannot now pay for experts or additional investigation that would benefit his case.[5] To allow the delay, he suggests, would effectively allow the government "to charge iterations of the same conduct as different offenses until the defendant is finally rendered indigent." (Mot. Dismiss Indictment 5.) Alternatively, had the government brought all the charges in one indictment, Purpera would not have had to duplicate his preparation. Thus, he contends that this creates an unreasonable imposition on his right to choice of counsel and his defense. (*Id.* at 5–6.)

In effect, Purpera argues that he is prejudiced because he can no longer afford the *best* counsel or experts. However, the Sixth Amendment's right to counsel of choice is not absolute. *United States v. Farkas*, 474 F. App'x 349, 356 (4th Cir. 2012) ("As the Supreme Court has noted, the Sixth Amendment does not provide an absolute right, but instead guarantees a defendant a 'fair opportunity' to secure counsel of his own choice to represent him at trial on criminal charges."). Rather, "[t]he Sixth Amendment right to counsel includes . . . the right of any accused, *if he can provide counsel for himself by his own resources or through the aid of his family or friends*, to be represented by an attorney of his own choosing." *United States v. Inman*, 483 F.2d 738, 739–40 (4th Cir. 1973) (emphasis added).

---

[5] Among the resources to which Purpera claims he lacks access are mock juries, additional counsel, and private investigators.

5

Accordingly, Purpera's argument is unpersuasive. He does not face meaningful impairment of his case simply because he lacks resources to pay his attorney for additional investigation or to pay for the best experts available. If he has, in fact, depleted his financial resources by defending his prior case, he may ask for counsel to be appointed. Similarly, he may request appointment of an expert under Federal Rule of Evidence 706. Fed. R. Evid. 706(a) ("On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations."). Considering the resources that remain available to Purpera, he has failed to establish that the government's delay actually prejudiced his defense by depleting his financial resources.

### 3. Criminal history at sentencing

Finally, Purpera argues that his prior conviction will affect his criminal history, resulting in a higher sentence than he would face had the government brought all the charges simultaneously. He points out that before his conviction he had a criminal history score of zero. Now, he expects he would likely have a criminal history category of II if he is convicted in this case. (Mot. Dismiss Indictment 6.)

However, the court has discretion to depart from the sentencing guidelines if warranted. In fact, "[t]he sentencing guidelines expressly encourage departure when a defendant's criminal history category does not adequately reflect the seriousness of his past criminal conduct or the likelihood that he will commit further crimes." *United States v. Johnson*, 26 F. App'x 146, 148 (4th Cir. 2001); *see also* U.S. Sentencing Guidelines Manual § 4A1.3(b)(1) (U.S. Sentencing Comm'n) ("If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood

that the defendant will commit other crimes, a downward departure may be warranted."). Thus, Purpera has again failed to establish that the delay meaningfully impaired his defense.

* * *

Although Purpera contends the government's delay in bringing his indictment actually prejudiced his case, he has failed to meet his burden of establishing that the delay meaningfully impaired his defense.

## B. Government's Reason for Delay

Even if Purpera met his burden to establish actual prejudice under the Fourth Circuit's two-pronged analysis, his motions to dismiss the indictments nonetheless fail because the government has identified an adequate reason for the four-month delay between the indictments. Purpera contends that the government had the ability to seek an indictment against him when it obtained the indictment in his prior case. He asserts that "[t]here was no reason, outside of attempting to gain a tactical advantage, for why the government would ever delay bringing the indictment for more serious charges about which they already had compiled evidence." (Mot. Dismiss Indictment 6–7.) In his view, the government waited to seek an indictment until Purpera's prior trial ended so that he could not mount an adequate defense.

Purpera's argument is merely speculation. The government disputes Purpera's "tactical advantage" narrative by emphasizing that the current indictment alleges one offense occurring as late as January 2018, while the prior indictment was returned in the middle of December 2017. (Case No. 7:19-cr-00016, Dkt. No. 18 at 3.) Because the timing of the latest offense coincided with the original indictment, the government could not have included that offense in Purpera's first case.

Moreover, the government correctly notes that "prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt." *United States v. Lovasco*, 431 U.S. 783, 791 (1977). Here, the government asserts that it waited to bring certain charges until "a comfort level was reached" that it could prevail at trial. (Case No. 7:19-cr-00016, Dkt. No. 18 at 4.) It adamantly denies that it acted with sinister or tactical motives, and Purpera has presented nothing but speculation to dispute that explanation.

Purpera has not shown that he suffered substantial prejudice or that the government delayed the indictment for a tactical advantage. Thus, Purpera has failed to meet his burden to establish that the government's reason for the delay "violates fundamental conceptions of justice or the community's sense of fair plan and decency." *Uribe-Rios*, 558 at 358. Accordingly, the court will deny Purpera's motions to dismiss the indictments.

### III. CONCLUSION

For the reasons stated above, the court will deny Purpera's motions to dismiss the indictments.

An appropriate order will follow.

Entered: November 8, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge